UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS EARL HENDRICKS,

    Plaintiff,

v.                                             Case No. 3:17cv307-MCR-CJK

DANIEL W. UHLFELDER;
DANIEL W. UHLFELDER, P.A.;
CYNTHIA S. TUNNICLIFF; and
PENNINGTON, P.A.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on Defendant Daniel W. Uhlfelder and Daniel W. Uhlfelder, P.A.'s ("Uhlfelder's") Motion to Dismiss and for Summary Judgment (doc. 38), Defendants Cynthia S. Tunnicliff and Pennington, P.A.'s Motion to Dismiss Plaintiff's Amended Complaint (doc. 39), and plaintiff's responses to the same (docs. 40, 42). Having considered the motions and responses, as well as all attachments thereto, the undersigned recommends defendants' motions be granted.

Background

This is a legal malpractice action stemming from a state court case involving a condominium association. The case was decided adversely to plaintiff, both in the trial court and on appeal. The underlying lawsuit, filed in Walton County Circuit Court, resulted in the entry of a final judgment against plaintiff on January 30, 2013, based on lack of standing. Plaintiff appealed the decision, which was affirmed *per curiam* on June 11, 2014. Plaintiff did not seek further review. The First District Court of Appeal issued its mandate on June 27, 2014.

Plaintiff first filed this malpractice suit in the Northern District of Texas on October 28, 2016. That case was dismissed for lack of personal jurisdiction on April 13, 2017. Plaintiff then filed the present action on May 2, 2017. In the amended complaint, plaintiff asserts claims for legal malpractice, assumpsit, fraud, and unjust enrichment. The defendants seek dismissal of plaintiff's claims, arguing they are barred by the applicable statute of limitations, and fail on the merits.

Standard of Review

A statute of limitations defense may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted "when the complaint shows on its face that the limitations period has run." *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). Otherwise, "the defect may be raised by motion for summary judgment where the alleged failure to comply with the statute of limitations does not appear on the face of the complaint." *Id.* Here, it is not clear from the face of the amended complaint that the statute of limitations has run. The undersigned thus will construe Tunnicliff and Penington, P.A.'s motion to dismiss as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Considering plaintiff submitted evidence in response to the motion to dismiss, including an affidavit identical to the one submitted in response to Uhlfelder's summary judgment motion, as well as an identical email, plaintiff will not be prejudiced by conversion of the motion.

Turning to the summary judgment standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Generally, for purposes of summary judgment, a court must view the facts in the light

most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Nevertheless, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invesco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

Discussion

    A.    Legal malpractice

Florida has a two-year statute of limitations for legal malpractice claims. *See* Fla. Stat. § 95.11(4)(a). The statute runs "from the time the cause of action is discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4)(a). In *Silvestrone v. Edell*, 721 So. 2d 1173, 1175-76 (Fla. 1998), the Florida Supreme Court clarified that, "in those cases that proceed to final judgment, the two-year statute of limitations for litigation-related malpractice under section 95.11(4)(a), Florida Statutes (1997), begins to run when final judgment becomes

final," which is "either upon the expiration of the time for filing an appeal or post-judgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing." *Silvestrone v. Edell*, 721 So. 2d 1173, 1175-76 & n.2 (Fla. 1998). The court explained

> [t]his bright-line rule will provide certainty and reduce litigation over when the statute starts to run. Without such a rule, the courts would be required to make a factual determination on a case by case basis as to when all the information necessary to establish the enforceable right was discovered or should have been discovered.

*Id.* at 1176.

Plaintiff acknowledges the *Silvestrone* rule, but argues it does not apply in this case because the issue of attorneys' fees was adjudicated post-judgment. The Florida Supreme Court has addressed that issue as well. In *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 41 (Fla. 2009), the court recounted its decision in *Silvestrone*, reiterating it "drew the line of accrual at the time final judgment was final 'to provide certainty and reduce litigation over when the statute starts to run.'" *Id.* (*quoting Silvestrone*, 721 So. 2d at 1176). The court expounded

> [u]ntil a final judgment is final, the outcome of the case and the occurrence of harm to the client remains uncertain, and it cannot be said that the cause of action was

> discovered or should have been discovered. *See id.* at 1175. Before that point is reached, the "malpractice claim is hypothetical and damages are speculative." *Id.* But once a judgment adverse to the client has reached the point of finality, "the last element constituting the [malpractice] cause of action occurs," § 95.031(1), Fla. Stat. (2002)-that is, the element of "loss to the client," *Law Office of David J. Stern, P.A.*, 969 So.2d at 966-and the cause of action is or should be "discovered," § 95.11(4)(a), Fla. Stat. (2002).
>
> The crux of *Silvestrone's* reasoning is that it cannot be known with sufficient certainty that the client has suffered any loss caused by the lawyer's negligence until the finality of a judgment adverse to the client. A favorable result for the client in the lawsuit-which could be the result of appellate proceedings-would, of course, mean that the client had suffered no loss. *Silvestrone's* rule thus merely establishes a bright line for establishing when the client has suffered some loss as a consequence of the attorney's negligence. It does not require that there be a determination of the full extent of all losses suffered by the client due to the lawyer's negligence.

*Id.* at 42.

The court rejected the plaintiff's argument that *Silvestrone's* rule of finality applied only upon the post-judgment resolution of a sanctions claim, finding

> [u]nder the *Silverstrone* bright-line rule, redressable harm was established when the final judgment . . . became final . . . . At that point, "the information necessary to establish the enforceable right . . . was discovered or should have been discovered." *Silvestrone*, 721 So. 2d at 1176. The dismissal filed after the sanctions claim was settled had no effect on the finality of the final judgment in the underlying

> action. Even if the federal court had issued a final judgment on sanctions and it was reversed on appeal, the finality of the judgment in the [underlying] case and the attendant establishment of damages would have been unaffected.
>
> * * *
>
> When the underlying action was finally determined adversely to [the plaintiff], [the plaintiff] had knowledge of the harm it suffered as a result and the malpractice cause of action accrued with respect to the damages entailed by that adverse determination. There is no basis for concluding that [the plaintiff's] cause of action for these damages was not discovered or discoverable at that point.

*Id.* at 43. The court reasoned that a finding that the limitations period did not begin to run until the conclusion of the litigation would subvert the redressable harm determination, which would be "inconsistent with the provision in section 95.11(4) that 'the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.'" *Id.*

Plaintiff's malpractice claims fall squarely within the purview of *Silvestrone* and *Larson* and thus plainly are time-barred. As set forth above, final judgment was entered against plaintiff in the underlying state court action on January 30, 2013. Plaintiff appealed the trial court's decision, which the First District Court of Appeal affirmed by decision entered June 11, 2014, with mandate issued June 27, 2014. The

fee order, based upon a prevailing party contractual provision, is analagous to the sanction order in *Larson*. It added nothing to plaintiff's knowledge of an enforceable right. Plaintiff did not appeal the decision further. At the latest, the statute began to run on July 12, 2014, once the time for further appeal expired. Yet, plaintiff did not file his complaint in this matter until May 2, 2017, more than 2 years after the statute began to run.[1] Plaintiff's legal malpractice claims therefore fail as a matter of law.

    B.    Assumpsit

Plaintiff asserts a claim of assumpsit against Uhlfelder. "Plaintiffs claim for assumpsit is an equitable action at common law akin to a claim for unjust enrichment." *Dye v. United Servs. Auto. Ass'n*, 89 F. Supp. 3d 1332, 1337 (S.D. Fla. 2015). "Such a claim is generally an action at law to enforce a quasi-contract." *Id.* (internal marks omitted). In other words, "[a]n action of assumpsit is generally used to enforce an obligation to pay money embodied in an express or implied contract." *Sparger v. Newmar Corp.*, No. 12-81347-CIV, 2014 WL 4206777, at *2 (S.D. Fla. Aug. 25, 2014) (*citing Archawski v. Hanioti*, 350 U.S. 532, 534 (1956)). "However, claims for assumpsit cannot exist where payment has been made for a benefit

---

[1] As defendants point out, plaintiff's claims would be barred even if deemed to relate back to the Texas filing. Moreover, given the undersigned's finding that plaintiff's malpractice claims are time-barred, the undersigned need not address the argument of defendants Tunnicliff and Pennington, P.A., that plaintiff's malpractice claims against them fail on the merits.

Case No. 3:17cv307-MCR-CJK

conferred." *Dye*, 89 F. Supp. 3d at 1337.

Here, plaintiff does not allege he paid defendants for work that was never performed. Instead, plaintiff alleges he paid defendants for work that was performed, but inadequately, according to plaintiff. Plaintiff's dissatisfaction with his attorney's performance does not give rise to an assumpsit claim, as services plainly were rendered and there is no allegation defendants guaranteed a specific result not obtained. Moreover, if plaintiff was dissatisfied with Uhlfelder's representation, whether because Uhlfelder did not litigate the case as plaintiff purportedly requested or for other reason, plaintiff could have terminated the relationship and avoided incurring the fees he now seeks to recover. The gravamen of plaintiff's complaint is professional negligence; he cannot avoid application of the statute of limitations for such claims simply by characterizing them as something they plainly are not.

    C.    Fraud and Unjust Enrichment

In his amended complaint, plaintiff also asserts fraud and unjust enrichment claims against Uhlfelder. In support thereof, plaintiff alleges Uhlfelder "continually and knowingly stat[ed] facts about the status of the Case within the Case litigation that were not true" for the purpose of inducing plaintiff to "continue the litigation." Doc. 35-3 at p. 15. "As a result, Plaintiff continued to pay fees to Defendant

Uhlfelder that could provide no benefit, resulting in Plaintiff being assessed for fees paid to a defendant in the litigation." *Id.* Plaintiff claims "Defendant Uhlfelder was unjustly enriched" because plaintiff paid fees in excess of $200,000 and "did not receive fair value for the fees paid as the advice given by Defendant Uhlfelder . . . was deficient and served only to entice Plaintiff to continue to pay Defendant Uhlfelder fees." *Id.* According to plaintiff, "[b]y misleading Plaintiff, Defendant Uhlfelder deflected Plaintiff's attention from his own malpractice and attempted to defer such attention until after the statute of limitations had run. The circumstances are such that it would be inequitable for the defendant to retain the benefit of his own malpractice." *Id.* at pp. 15-16.

In order to recover for fraud under Florida law, plaintiff must establish each of the following elements: (1) a false statement concerning a specific material fact; (2) the maker's knowledge the representation is false; (3) an intention that the representation induce another's reliance; and (4) consequent injury to the party who acts in justifiable reliance on the representation. *See Wadlington v. Continental Med. Servs., Inc.*, 907 So. 2d 631, 632 (Fla. 4th DCA 2005). Although plaintiff has alleged Uhlfelder made false statements, he has not set forth a specific material fact he contends Uhlfelder made that was false, much less provided evidence of such a false

statement. And plaintiff has not pled, much less proven, that Uhlfelder knew any such statement was false. Plaintiff's fraud claim thus fails as a matter of law.

Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Group, Inc.*, 680 F. 3d 1329, 1337 (11th Cir. 2012) (*citing Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla.2004)). Considering plaintiff acknowledges Uhlfelder performed services for him, plaintiff has not alleged facts sufficient to state a claim for unjust enrichment. Indeed, plaintiff has not alleged he paid Uhlfelder for work that was never performed. Instead, plaintiff complains of the results obtained. Moreover, plaintiff's unique theory proves too much. Under plaintiff's view, any act denominated as negligent, or any statement by a professional, later claimed by the client to have been mistaken, followed by continued employment of the professional, would give rise to a claim of fraud. This would be an absurd result, and the law of professional negligence already provides recourse. Plaintiff's unjust enrichment claim thus also is due to be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That Defendant Daniel W. Uhlfelder and Daniel W. Uhlfelder, P.A.'s Motion to Dismiss and for Summary Judgment (doc. 38) be GRANTED and plaintiff's claims against them DISMISSED with PREJUDICE.

2. That Defendants Cynthia S. Tunnicliff and Pennington, P.A.'s Motion to Dismiss Plaintiff's Amended Complaint (doc. 39) be GRANTED and plaintiff's claims against them DISMISSED with PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of August, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:17cv307-MCR-CJK